IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,

                                                                                       ORDER
                                                                          08-cr-90-bbc-1

    v.

JASON A. KRUMWIEDE,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Jason Krumwiede's supervised release was held on November 12, 2020, before U.S. District Judge Barbara B. Crabb. The parties appeared by Zoom video conferencing. The government appeared by Assistant U.S. Attorney Robert Anderson. Defendant was present (while in custody at the Dane County, Wisconsin jail) and with defense counsel Nathan Otis. Also appearing was Senior U.S. Probation Officer Traci L. Jacobs.

      The record reflects the following information.

## FACTS

      Defendant was originally sentenced in this court on November 25, 2008, following his conviction on count 1, theft of firearms from a federally licensed dealer, in violation of 18 U.S.C. § 922(u); and count 2, felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Both counts are Class C felonies. He was sentenced

to 120 months' imprisonment for count 1 and 20 months' imprisonment for count 2, with the terms to run consecutively. Additionally, a three-year term of supervised release was ordered on each count, with the terms to run concurrently.

Defendant's first term of supervised release began on April 12, 2019. He was supervised initially in the Northern District of Illinois but returned to the Western District of Wisconsin in April 2020. On August 20, 2020, this term of supervised release was revoked after defendant stipulated to carrying a concealed knife, using marijuana, associating with known drug users, failing to report police contact, failing to report a change in residence, and failing to pay his criminal monetary obligations. Defendant was sentenced to a term of incarceration of 60 days, with a two-year term of supervised release to follow. As a special condition of supervised release, he was ordered to spend 180 days in a residential reentry center (RRC).

Defendant's second term of supervised release began on September 13, 2020. He began his RRC placement on September 21, 2020 in the Fahrman Center, in Eau Claire, Wisconsin.

As outlined in the supplemental violation petition, it is alleged that defendant violated Special Condition No. 5 requiring him to spend 180 days in an RRC and abide by program rules, as well as Standard Condition No. 7, requiring him not to spend time with any person he knows to be engaged in criminal activity. On October 7, 2020, defendant was terminated from his RRC placement prior to successful completion after he allowed other residents into his room, who then used methamphetamine. Additional violations that contributed to his RRC placement termination include reporting late to

begin his RRC placement, refusing to sign a release of information for the probation office, refusing to participate in all treatment groups, arguing with facility staff about RRC rules, being argumentative and hostile during group therapy sessions, refusing to follow staff directives, and swearing at staff.

With Grade C violations and a criminal history category VI, defendant has an advisory guideline imprisonment range of 8 to 14 months. The statutory maximum term of imprisonment is 24 months, because the counts of conviction are Class C felonies.

Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment. The statutory maximum term of supervised release that can be re-imposed is 36 months, less any term of imprisonment imposed upon revocation, pursuant to 18 U.S.C. § 3583(b)(2) for each count of conviction.

## CONCLUSIONS

After reviewing the written submissions of the probation office and considering the arguments of the parties, including defendant's statements, I have decided to reserve a final ruling on the petition for revocation of defendant's supervised release and afford him one more opportunity to demonstrate that he can comply with the conditions of his supervised release, which include participating in treatment.

ORDER

IT IS ORDERED that defendant's hearing on the proposed revocation of his second term of supervised release imposed on August 20, 2020, is DEFERRED until January 20, 2021, at 10:30 a.m. Defendant is to be released from custody.

It is further ordered that defendant's conditions of supervised release are modified as follows:

Defendant shall spend 180 days in a residential reentry center, specifically Rock Valley Community Programs (RVCP) at 203 West Sunny Lane, Janesville, Wisconsin. Defendant is to report to RVCP between the hours of noon and 2:00 p.m. on Monday, November 16, 2020. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment, and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. Probation Officer.

Defendant shall reside in the home of his cousin at ████████████████████ Wisconsin, until he reports to the residential reentry center. Defendant may leave the residence for medical care, counseling, religious services, or other purposes approved by the supervising officer. All absences from his residence must be approved in advance by his supervising officer.

Upon release from the Dane County jail, defendant is responsible for providing his own transportation to travel to his approved residence and later, from his residence to RVCP in Janesville on Monday, November 16, 2020.

If defendant has any violations of his original conditions of supervised release or the additional conditions imposed today, the court will hold a hearing before the January 20, 2021, at 10:30 a.m. hearing date to consider revocation of defendant's supervised release and the imposition of a custodial sentence.

Entered this 12th day of November 2020.

BY THE COURT:

/s/_____
Barbara B. Crabb
District Judge